# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| JOHN D. GARRISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV350 CDP |
| | ) | |
| RUTH ROCCIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 508867), an inmate at Farmington Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.71. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.53, and an average monthly balance of $.01. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.71, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

### The Complaint

Plaintiff, an inmate at Farmington Correctional Center ("FCC"), brings this action for monetary damages pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants, in their individual capacities, are: Ruth Roccia (nurse); Billy Beaslie (nurse); Leroy Chuck Seitz (nurse); Unknown Doctor; and Unknown White (correctional officer).

Plaintiff alleges that in April of 2011, during his incarceration in the disciplinary segregation unit at FCC, he complained of chest pains and was taken to the medical unit. Plaintiff alleges that an EKG was taken by defendant Roccia and his heart rate was found to be 125-130 beats per minute. Plaintiff states that after taking his pulse, blood pressure and doing an EKG, defendant Roccia ordered that he be sent back to disciplinary segregation. Plaintiff alleges that he complained of chest pains three more times over the next several months and each time his vital signs were taken and an EKG was performed but he was sent back to his cell without treatment, first by defendant Beaslie, then by defendant Seitz. Plaintiff states that on one of these occasions, he was left in full restraints "in medical" by defendant White while defendants were monitoring his condition. Plaintiff believes that plaintiff White's action of leaving him in full restraints when he had an accelerated heart rate shows deliberate indifference to his serious medical needs. Plaintiff additionally complains that defendant doctor canceled one of plaintiff's medical appointments.

Attached to plaintiff's complaint are the grievances filed by plaintiff related to his allegations of medical mistreatment. Also attached to the complaint are the grievance responses from FCC confirming plaintiff's admissions in his complaint that when he complained of chest pains his vital signs were taken and an EKG was performed.

## Discussion

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). "In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment." Id. at 1240.

Taking plaintiff's allegations in his complaint as a whole, including the documents plaintiff has attached to his complaint, the Court finds that he has not

alleged a case of deliberate indifference to his serious medical needs. Plaintiff, by his own admission, acknowledges that each time he complained of chest pains, his vital signs were taken and an EKG was performed. Although plaintiff may disagree with the treatment provided by defendants, mere disagreement with treatment cannot rise to the level of a constitutional violation. Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (finding that for a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.71 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 19th day of March, 2012.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE