UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN D. GARRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12CV350 CDP |
| ) | |
| RUTH ROCCIA, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

Before the Court is plaintiff's motion for reconsideration of the dismissal of this action under 28 U.S.C. § 1915.

Plaintiff, an inmate at Farmington Correctional Center ("FCC"), filed his complaint and motion to proceed in forma pauperis on February 27, 2012. Plaintiff brought the instant action pursuant to 42 U.S.C. § 1983 alleging that defendant nurses, doctors and a correctional officer at FCC were deliberately indifferent to his serious medical needs. Specifically, plaintiff complained that he didn't receive proper treatment for chest pains.

On March 19, 2012, the Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), finding that plaintiff's allegations failed to state a claim upon which relief could be granted. Namely, by plaintiff's own admission, he was provided medical intervention each time he complained of chest pains. The Court

found that plaintiff's allegations constituted mere disagreement with the treatment decisions, which failed to rise to the level of a constitutional violation.

Plaintiff filed the instant motion for reconsideration of the dismissal on or about March 30, 2012, although he has attested that he mailed the motion on March 25, 2012.[1]  In his motion for reconsideration, plaintiff moves the Court for relief from judgment on the basis that the Court committed legal error in dismissing the complaint.

Plaintiff asserts that both a nurse and a correctional officer are willing to testify on his behalf that he did not receive the proper treatment he should have received for the purported chest pains he suffered in April of 2011.  Plaintiff also goes so far as to say that these persons can offer testimony that he was not being seen by a medical professional on the dates noted on his grievance responses as ones on which he was given medical check-ups after complaining of chest pains. Plaintiff additionally asserts another new claim - that defendants have recently been refusing to reorder his medication for ulcers, allergies and asthma.

Rule 59(e) permits a court to alter or amend a judgment, but "[s]uch motions cannot be used to introduce new evidence, tender new legal theories, or raise

---

[1] The "prison mailbox rule" applies to the filing of a Rule 59(e) motion. United States v. Duke, 50 F.3d 571, 575 (8th Cir. 1995).

arguments which could have been offered or raised prior to entry of judgment." <u>United States v. Metropolitan St. Louis Sewer Dist.</u>, 440 F.3d 930, 933 (8th Cir.2006) (quoting <u>Innovative Home Health Care</u>, 141 F.3d at 1286)). Rather, such motions serve the limited function of corrections of "manifest errors of law or fact or to present newly discovered evidence." <u>Hagerman v. Yukon Energy Corp.</u>, 839 F.2d 407, 414 (8th Cir. 1988). Unfortunately, all of plaintiff's arguments concern allegations of new evidence or assertions of new legal theories, and there is no indication that plaintiff could not have offered these same theories or evidence in his original complaint. Moreover, plaintiff's assertions regarding defendants lying on grievance responses as to medical check-ups which purportedly never occurred is in direct contravention to his acknowledgment in his complaint that each time he suffered chest pains his vital signs were checked. Last, plaintiff's assertions regarding defendants' recent refusal to order medications for plaintiff is an entirely new claim under the Eighth Amendment and needs to be brought in a separate action.

  Based on the aforementioned, plaintiff's motion for reconsideration must be denied.

  Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration of the dismissal of this action [Doc. #8] is **DENIED**.

Dated this 23rd day of April, 2012.

*Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE